IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DEANDRE BETHEL,
    Petitioner,

v.    Case No. 17-CV-367-JHP-FHM

JOE ALLBAUGH, DIRECTOR
    Respondent.

**OBJECTION AND MOTION TO DISMISS RESPONDENT'S RESPONSE IN VIOLATION OF FEDERAL RULES OF APPELLATE PROCEDURE 32, VIOLATION OF FEDERAL RULES OF APPELLATE PROCEDURE 32.1(b), AND VIOLATION OF *CASTRO V. UNITED STATES*, 540 U.S. 375, 124 S.Ct.786, 157 L.Ed.2D 778 (2003)**

COMES NOW, Deandre Bethel, petitioner pro se, objecting and requesting that Respondent's "Response to Petition of Habeas Corpus" be dismissed, due to violation of Fed. R. App. P. 32(a)(7)(A), violation of **Fed. R. App. P. 32.1(b)**, and violation of *Castro v. United States*, 540 U.S. 375, 124 S.Ct.786, 157 L.Ed.2D 778 (2003).

Petitioner is a pro se prisoner and request the Court to review his motion liberally in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

**I.**    **Fed. R. App. P. 32(a)(7)(A)**

**(7) Length.**

(A) Page limitation. A principal brief may not exceed 30 pages, or a reply brief 15 pages, unless it complies with Rule 32(a)(7)(B).

Respondent's brief is sixty-three (63) pages, exceeding Rule 32 length of pages by fifty-eight (58) pages for a response.[1] Petitioner's brief is indistinguishable from any other pro se brief and Respondent must give notice and an explanation as to why its brief is over quadruple the length of pages of the Court's requirements.

---

1    Respondent titles the brief as "Response."

1

Respondent's pleading is excessive, redundant and unprofessional in the abuse of the Court rules.[2] Placing undue burden upon Petitioner and the Court. This is not a death penalty case nor the issues complicated.

For the aforementioned reason, Petitioner objects to the filing and request Respondent's "Response to Petitioner's Habeas Corpus" be dismissed, due to violation of **Fed. R. App. P. 32(a)(7) (A)**.

## II. VIOLATION OF FEDERAL RULES OF APPELLATE PROCEDURE 32.1(b)

**Rule 32.1(b).** Citing Judicial Dispositions

(b) Copies Required. If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited.

**Fed. R. App. P. 32.1(b)** requires that copies of unpublished opinions be included with the brief. It is an unfair practice for the Respondent to quote unpublished dispositions that Petitioner cannot access, review or certify that the quotation is correct. Respondent cites the following unpublished opinions without providing copies:

- Response at 15, *Champ v. Zaraves*, No. 10-1308, Fed. Appx. 641 (10th Cir. June 16, 2011)
- at 27, *Watson v. Howard*, Case No. 64-6074, 123 Fed. Appx. 910 (10th Cir. Feb. 17, 2005)
- at 29, *Smith v. Addison*, No. 09-5147, 373 Fed. Appx, 866 (10th Cir. Apr. 20, 2010)
- at 32, Compare *Parker v. Martin*, No. CIV-13-1365-D, 2014 WL 1873270, *6 (W.D. Okla. May 8, 2014)
- at 35, *Parker v. Jones*, No. 10-6219, 423 Fed. Appx. 824 (10th Cir. May 20 2011)
- at 43, *Johnson v. Vaughan*, No. 10-CV-301-GFK-PJC, 2013 WL1788538, *7 (N.D. Okla. Apr. 26, 2013)
- at 45, *Watson*, 123 Fed. Appx. at 914
- at 51, *Parker v. Martin*, No. 14-6111, 14-617, 589 Fed. Appx. 866 (10th Cir. Oct. 29, 2014)
- at 58, *Courtney v. Province*, No. 10-CV-172-TCK-TLW, 2013 WL 1192582, *5 (N.D. Okla. May 22, 2013)
- at 58, *Washington v. Addison*, No. 12-5075, 490 Fed. Appx. 949 (10th Cir. July 27, 2012)

---

2   Respondent's Standard of Review is 15 pages – including 5 pages defining *Strickland* and without any reference to AEDPA.

Due to violation of **Fed. R. App. P. 32.1(b)**, requiring copies of unpublished dispositions, which would allow a fair response, Petitioner objects and request Respondent's "Response To Petition For Habeas Corpus" be dismissed.

### III. VIOLATION OF *CASTRO V. UNITED STATES*, 540 U.S. 375, 124 S.Ct.786, 157 L.Ed.2D 778 (2003)

Further, Respondent recharaterizes Petitioner's pleading to benefit Respondent. Responding to the pleading as recorded in the table of contents. However, the table of contents is incorrect.

Petitioner was not permitted to edit or proof read the table of contents after the final draft of the petition due to the security lockdown. LCF-Lawton was put on security lockdown, due to gang violence at the time Petitioner mailed the petition to satisfy the AEDPA deadline. Petitioner has the right to have his arguments addressed by the Court as presented in the brief. Recharacterization of the pleading without Petitioner's consent is a violation of *Castro*, (The pro se pleading cannot be recharaterized unless the Court informs the litigant of the consequences of the recharacterization. *Id.* 540 U.S. at 377, 124 S.Ct. at 780.). Petitioner has the constitutional right to fashion his own pleading.[3] The correct propositions as submitted in the brief are as follows:

PROPOSITION I. UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED LAW ESTABLISHED BY THE SUPREME COURT IN *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933, 185 L.Ed.2d 1019 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1985)

PROPOSITION II. ACTUAL INNOCENCE ATTACHED TO THE SIXTH AMENDMENT CONSTITUTIONAL CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSELS

    A.    ACTUAL INNOCENCE ATTACHED TO THE SIXTH AMENDMENT CONSTITUTIONAL CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

    B.    ACTUAL INNOCENCE ATTACHED TO APPELLATE COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT FOR FAILING TO FILE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO SUBJECT THE PROSECUTION'S CASE OF ROBBERY WITH A FIREARM TO ADVERSARIAL TESTING AND CONCEDED THE ROBBERY CHARGE BY CONFESSING GUILT WITHOUT PERMISSION OF APPELLANT

    C.    ACTUAL INNOCENCE ATTACHED TO INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILURE TO OBJECT TO IMPROPER JURY INSTRUCTION

---

3 *The Fair v. Kohler Die & Co.*, 228 U.S. 22, 25, 57 L.Ed. 716, 33 S.Ct. 410 (1913) ("Of course the party who brings suit is master to decide what law, he will depend upon...").

D. ACTUAL INNOCENCE ATTACHED TO INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILURE TO ESTABLISH THE PROPER CONTEXT OF CULPABLE TELEPHONE CALL

PROPOSITION III. THE STATE'S EVIDENCE WAS ILLEGALLY INSUFFICIENT TO PROVE ALL THE ELEMENTS OF ROBBERY WITH A FIREARM THE UNDERLYING FELONY AND THEREFORE ALSO INSUFFICIENT TO SUPPORT THE CONVICTION FOR FIRST DEGREE FELONY MURDER IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

PROPOSITION IV. MR. BETHEL WAS DENIED A FAIR TRIAL BY THE ADMISSION OF IMPROPER LAW ENFORCEMENT OPINION TESTIMONY THAT INVADED THE PROVINCE OF THE JURY

Respondent had a choice, whether to respond to the claims as presented in the brief, but chose to respond to the table of contents. *Id.* Response at 11, fn. 3. If there was *any* question regarding the pleading, Respondent had the right to object (as Petitioner is presently doing) or request clarification. Respondent did neither. Respondent's response omits propositions and several arguments and laws Petitioner depends upon in his brief to obtain relief and the response cannot be considered accurate, absent the response to crucial arguments.

Whereby, Petitioner objects and request Respondent's "Response To Petition For Habeas Corpus" be dismissed, due to violation of *Castro*.

RESPECTFULLY SUBMITTED

/s/ DeAndre Bethel

DeAndre Bethel, pro se
#690424
Lawton Correctional Facility
8607 SE Flowermound Rd.
Lawton, OK 73501

## VERIFICATION

I state under penalty of perjury under the laws of Oklahoma that the foregoing Petition for Writ of Habeas Corpus is true and correct under penalty of perjury. Executed by the Petitioner at the Lawton Correctional Facility, 8607 S.E. Flowermound Rd., Lawton Oklahoma, 73501-9765, on the 28th day of August, 2017.

**CERTIFICATE OF SERVICE**

This is to certify that the original true and correct copy of the foregoing was caused to be mailed this 28th day of August, 2017, via the LCF-Lawton Prison Legal Mail, postage prepaid to:

United States District Court Clerk
of the Northern District of Oklahoma
333 W. 4th Street
Tulsa, Oklahoma 73103

5

DeAndre Bethel
#690424
Lawton Correctional Facility
8607 SE Flowermound Rd.
Lawton, OK 73501

No Postmark

17cv-397-CVE-FHM

United States District Court
Northern District of Oklahoma
333 West 4th Street
Tulsa, OK 74103

RECEIVED
AUG 31 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

LEGAL MAIL