IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEANDRE BETHEL, )
)
      Petitioner, )
)
v. ) Case No. 17-CV-367-JHP-FHM
)
JOE M. ALLBAUGH, Director, )
Oklahoma Department of Corrections, )
)
      Respondent. )

## OPINION AND ORDER

This is a habeas corpus action. Before the Court is Petitioner's "motion to supplement disclosures, correct the record, and substitute Exhibit 4 in part" (Dkt. # 14), filed September 12, 2018. Respondent filed a response in opposition to the motion (Dkt. # 15), and Petitioner filed a reply (Dkt. # 16). For the reasons discussed below, the Court denies Petitioner's motion.

### *BACKGROUND*

On June 26, 2017, Petitioner, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. # 1). He challenges the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2012-660. Dkt. # 1, at 3. In that case, a jury convicted Petitioner of First Degree Felony Murder (Count 1), Robbery with a Firearm (Count 2), Transporting a Loaded Firearm in a Vehicle (Count 3), and Public Intoxication (Count 4). *Id.* On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA), found Petitioner's convictions on Counts 1 and 2 violated his right to be free from double jeopardy and ordered Count 2 dismissed. Dkt. # 7-5, at 4-5. Petitioner seeks federal habeas relief on four grounds:

    1.    Unreasonable application of clearly established law established by the Supreme Court in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933, 185 L. Ed.

> 2d 1019 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1985).

2. Actual innocence attached to the Sixth Amendment constitutional claim of ineffective assistance of trial and appellate counsels.

3. The State's evidence was illegally insufficient to prove all the elements of robbery with a firearm the underlying felony and therefore also insufficient to support the conviction for first degree felony murder in violation of the Fourteenth Amendment of the United States Constitution.

4. [Petitioner] was denied a fair trial by the admission of improper law enforcement opinion testimony that invaded the province of the jury.

Dkt. # 1, at 12, 16, 40, 48; Dkt. # 10, at 3-4.[1] Along with his petition, Petitioner submitted over 300 pages of exhibits. Dkt. ## 1-1, 1-2.

Respondent filed a response in opposition to the petition (Dkt. # 7) on August 18, 2017, and provided the state court records (Dkt. ## 7, 8, 9) necessary to adjudicate Petitioner's claims. Petitioner filed two timely replies (Dkt. ## 10, 11) to the response, one on August 31, 2017, and one on September 18, 2017. This matter was thus fully briefed as of September 18, 2017.

Nearly one year later, on September 12, 2018, attorney Debra K. Hampton entered an appearance as counsel for Petitioner (Dkt. # 13) and filed the instant motion to supplement or correct the record (Dkt. # 14). In the motion, Petitioner seeks leave to substitute a signed and notarized affidavit, dated July 6, 2018, from DeAndre Williams (Dkt. # 14-1), for an unsigned, unverified and undated affidavit from DeAndre Williams that Petitioner submitted as part of Exhibit 4 to his habeas petition (Dkt. # 1-1, Exh. 4). Exhibit 4 contains two affidavits from DeAndre Williams. Each

---

[1] As Respondent points out in his response to the petition, the four issues Petitioner identifies in the table of contents of his petition do not correspond with the four issues he briefs in the body of his petition. *See* Dkt. # 1, at 2, 12-54; Dkt. # 7, at 11 n.3. In his reply brief, Petitioner clarifies he seeks relief on the four issues briefed in the body of his petition. Dkt. # 10, at 3-4. The Court thus states the issues as they were briefed in the body of the petition.

affidavit refers to distinct facts relating to Petitioner's convictions. The first affidavit was signed and notarized on December 16, 2014. Dkt. # 1-1, at 7-8. Petitioner submitted this affidavit to the OCCA with his application for an evidentiary hearing on his Sixth Amendment claim and with his post-conviction appeal. *See* Dkt. # 1-2, at 151-52 (post-conviction appeal); Dkt. # 7-2, at 12-13 (application for evidentiary hearing). The second affidavit is neither signed nor dated. Dkt. # 1-1, at 9-10. Petitioner submitted this affidavit to the state district court with his application for post-conviction relief and to the OCCA, along with the first affidavit, with his post-conviction appeal. *See* Dkt. # 1-2, at 153-54 (post-conviction appeal); Dkt. # 7-6, at 22-23 (application for post-conviction relief). It is the second affidavit that Petitioner now seeks to replace with an affidavit from DeAndre Williams that was signed and notarized on July 6, 2018. Dkt. # 14-1, at 1-2. Petitioner acknowledges that habeas proceedings are exempt from the initial disclosure provisions of Fed. R. Civ. P. 26(a), but contends the requested substitution is permitted under Fed. R. Civ. P. 26(e) which governs supplementation and correction of disclosures made under Fed. R. Civ. P. 26(a). Dkt. # 14, at 1-2.

Respondent urges this Court to deny Petitioner's motion. Dkt. # 15, at 1. Respondent contends the proffered substitute affidavit contains "key alterations" not only because it is signed, notarized and dated but also because it contains additional statements "to make it appear that it is based more on [Williams'] personal knowledge instead of hearsay." *Id.* at 4-5. Further, Respondent contends, Petitioner's motion must be denied under the holding of *Cullen v. Pinholster*, 563 U.S. 170 (2011), because the state courts adjudicated Petitioner's habeas claims on the merits thereby limiting this Court's review to the record presented in state court. *Id.*

In his reply to the response to his motion, Petitioner argues the proffered substitute affidavit

3

"provides a mere variation of facts," but "these additional facts [do] not alter Petitioner's claims." Dkt. # 16, at 1-2. Thus, Petitioner "respectfully disagrees" that the proffered substitute affidavit "should be disallowed" under *Pinholster*, and contends Respondent "will not suffer prejudice" if his motion is granted. *Id.* at 2. In addition, Petitioner asserts he "is entitled to an evidentiary hearing" and is "not barred from obtaining a hearing under 28 U.S.C. § 2254(e)(2)" because he "attempted to develop a factual basis in State Court where the OCCA ignored the facts in light of the evidence." *Id.*

## *ANALYSIS*

As stated, Petitioner primarily relies on Fed. R. Civ. P. 26(e) to support his request to supplement or correct the record with the proffered substitute affidavit. Dkt. # 14, at 1-2. Significantly, the Federal Rules of Civil Procedure apply in a habeas proceeding only "to the extent [those rules] are not inconsistent with" applicable statutory provisions or with the Rules Governing Section 2254 Cases in the United States District Courts. Rule 12, *Rules Governing Section 2254 Cases in the United States District Courts*.

Here, the Court finds application of Rule 26(e) to permit supplementation or correction of the record would be inconsistent with 28 U.S.C. § 2254(d), as interpreted in *Pinholster*. As Respondent contends, Petitioner presented his habeas claims in state court and the state courts adjudicated those claims on the merits. Dkt. # 7, at 2-3. Consequently, § 2254(d) guides this Court's review of Petitioner's claims. Section 2254(d) prohibits a federal court from granting habeas relief on claims that were adjudicated on the merits in state court unless the petitioner demonstrates the state court's adjudication of a federal claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." In *Pinholster*, the Supreme Court held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. at 181. Thus, the Supreme Court explained, "a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 185. The *Pinholster* Court further noted that § 2254(d)(2)'s plain language also limits habeas review to "the evidence presented in the State court proceeding." *Id.* at 185 n.7.

As discussed, Petitioner submitted two affidavits from DeAndre Williams in state court proceedings and submitted both of those affidavits as Exhibit 4 to his federal habeas petition. Dkt. # 1-1, at 7-10; Dkt. # 7-2, at 12-13; Dkt. # 7-6, at 22-23. He did not, however, submit the proffered substitute affidavit in any state court proceedings. As a result, the Court agrees with Respondent that *Pinholster* precludes this Court from considering the proffered substitute affidavit unless and until Petitioner overcomes the limitations of § 2254(d) "on the record that was before th[e] state court." 563 U.S. at 185; *see also id.* at 182-83 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."). The Court therefore denies Petitioner's motion.

To the extent Petitioner's assertion in the instant motion that he "is entitled to an evidentiary hearing" constitutes a renewed motion for an evidentiary hearing, the Court denies that motion for the same reason. *See Pinholster*, 563 U.S. at 185-86 (noting federal courts have discretion to grant an evidentiary hearing under § 2254(e)(2) but that discretion is limited when the "federal habeas claims by state prisoners fall within the scope of § 2254(d)"); *see also* Dkt. # 12 (denying

Petitioner's prior motion for an evidentiary hearing as premature).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "motion to supplement disclosures, correct the record, and substitute Exhibit 4 in part" (Dkt. # 14) is **denied**. To the extent Petitioner renews his motion for an evidentiary hearing, that motion is also **denied**.

**DATED** this 8th day of October 2018.

James H. Payne
United States District Judge
Northern District of Oklahoma